889 F.2d 1100
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
DO-WELL MACHINE SHOP, INC., Appellant,
v.
The UNITED STATES, Appellee.
 No. 89-1335.
 United States Court of Appeals, Federal Circuit.
 Oct. 16, 1989.
 
 Before MARKEY, Chief Judge, and BISSELL and ARCHER, Circuit Judges.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 Do-Well Machine Shop, Inc. appeals from the decision of the Armed Services Board of Contract Appeals (board), ASBCA No. 34898, 88-3 BCA (CCH) p 20,999 (July 8, 1988), granting the government's motion for summary judgment. We affirm.
 
 OPINION
 
 2
 Do-Well's defense that there existed a mutual mistake of fact at the time the second extended delivery date was agreed upon was considered and rejected as a matter of law by the board. A mutual mistake defense requires a showing that both parties to a contract relied on a mistaken belief as to a material fact. National Presto Indus., Inc. v. United States, 338 F.2d 99, 108 (Ct.Cl.1964), cert. denied, 380 U.S. 962 (1965). The board found that when the delivery schedule was extended neither party knew that Do-Well's subcontractor would subsequently "manufacture the castings incorrectly and place Do-Well's revised schedule in jeopardy." 88-3 BCA (CCH) p 20,999 at 106,094. As noted by the board, an erroneous belief must relate to existing facts and not to predictions or judgment as to events to occur in the future. See Restatement (Second) of Contracts Sec. 151 comment a (1979). Do-Well's asserted mutual mistake of fact defense was legally deficient because it was not based on an erroneous belief as to existing facts but only on the implicit prediction or judgment as to future events involving the performance of Do-Well's subcontractor.
 
 
 3
 With regard to Do-Well's claim that the contracting officer failed to follow proper procedures in terminating Do-Well's contract for default, the board on reconsideration found that Do-Well, in spite of an opportunity to show cause why its contract should not be terminated, had failed to produce sufficient evidence to preclude summary judgment. See 89-1 BCA (CCH) p 21,491 at 108,281. After reviewing the record, we are unpersuaded that Do-Well made any showing that the contracting officer failed to follow the requisite procedures in terminating the contract or that a genuine issue of material fact existed as to the propriety of the default action.
 
 
 4
 Finally, Do-Well contends the board erred in not permitting it to complete discovery with respect to these defenses. In view of our holdings, we conclude that the board did not act prematurely in considering and granting the government's summary judgment motion.